UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)* [Consolidated with Case No. CV 01-1339 AHM (CWx)] | Date | July 1, 2010 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Petitioner:  Attorneys **NOT** Present for Respondent:

**Proceedings:**  **In Chambers**

The Court DENIES Artemis S.A.'s ("Artemis") *"Motion In Limine* to Preclude Plaintiff from Seeking Punitive Damages" (Dkt. No. 3835). The Opposition Brief filed by Plaintiff and NOLHGA nicely sets forth several reasons why Artemis's arguments lack merit, and it is unnecessary for the Court to reiterate those reasons here. The Court does feel compelled to add the following observation, however.

Judging from the statements in Artemis's papers, it appears that Artemis does not yet fully appreciate the nature and content of certain of the key proceedings that previously occurred in this case, which is surprising. A good example appears at page 13 of Artemis's Reply Brief, where it quotes at length from this Court's November 21, 2005 Order, published at 2005 U.S. Dist. LEXIS 39273 at *23-24. Artemis contends that the quoted portion is a finding "that Artemis could not have had any notice that its failure to disclose the legal agreements of other parties would warrant an order forcing it to disgorge every penny that it made on its investment." Not so. The Court's language explicitly stated that Artemis "had <u>less reason</u> than an American company would have had to realize that a failure to disclose . . . the *contrats de portage* would be so wrongful . . . ." That is not the same as saying that Artemis had "no reason."

Similarly, the Court's finding that Artemis's conduct was "<u>less</u> reprehensible" than some other defendant's conduct is a far cry from a finding that Artemis's conduct was "<u>not</u> reprehensible." Thus, for Artemis to argue that there was a finding of "a lack of 'reprehensible' conduct in this case" (Reply Brief, 2:6-7) is a misstatement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)* [Consolidated with Case No. CV 01-1339 AHM (CWx)] | Date | July 1, 2010 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

     Another example: Artemis argues that Verdict Form 5 did not reflect or imply a finding that the harm the jury found was the result of "intentional malice." Reply Brief, 6:1-6. That statement distorts the actual findings, because the jury verdicts *did* reflect the commission of conduct warranting punitive damages. What the jury did not find was quantifiable harm resulting from that conduct.

     Finally, for Artemis to argue that any award of punitive damages "would be the result of conduct [the *contrats de portage*] that was lawful where it occurred [France]" (Reply, 14:3-4) distorts both the Commissioner's theory of culpability and the substantial evidence that he proffered to support that theory. That is, Artemis's misconduct was not confined to those *contrats* and did not consist only of it.

     The one contention in Artemis's papers that does have merit is this: "If this Court denies this motion and permits the DOI to pursue punitive damages in the retrial, then the DOI should be required both to introduce the evidence necessary to justify such an award, and to obtain the requisite findings to support that award from the same jury that decides the amount of punitive damages." *Id.*, p. 16:13-16. The Court agrees. Therefore, during the presentation of evidence at the trial, and after the close of evidence as well, Artemis will have the opportunity to point out any gaps in the Commissioner's evidence, along the lines of its arguments concerning the five *State Farm* factors relevant for determining the availability of punitive damages. *See, State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

     No hearing is necessary. L.R. 7-15; Fed. R. Civ. P. 78.

|  | : |
|---|---|
| Initials of Preparer | SMO |