O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Artemis S.A. ("Artemis") has moved to "enforce" the release contained in the Insurance Commissioner's ("Plaintiff") settlement with the MAAF defendants ("MAAF"). The Court finds that California Code of Civil Procedure Section 877 applied to the settlement under the circumstances presented here (*i.e.*, a judgment for restitution only, prior to any determination of joint tortfeasor liability), and that Artemis has failed to present a compelling reason to reach a contrary determination. Moreover, regardless of whether Section 877 applies, the Court finds that the old common law rule is not applicable. Artemis has failed to cite a single case since the passage of Section 877 in 1957 in which a court does what Artemis asks this Court to do. Plaintiff clearly did not intend to release Artemis, and for the Court to "enforce" the release in such a manner would create a serious injustice. Accordingly, the motion is DENIED.[1]

## I.     BACKGROUND

### A.     Settlement With MAAF

The Court found MAAF in default before the trial. After the trial, Plaintiff applied for an entry of default judgment against MAAF based on a theory of restitution. The Court entered the requested judgment on December 1, 2005. After the entry of judgment, Plaintiff and MAAF executed a settlement agreement on May 12, 2006. On May 18, 2006, MAAF moved the Court for an order, pursuant to California Code of Civil

---

[1]Docket No. 3953.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

Procedure Section 877, determining that the settlement was in good faith and barring contribution claims against MAAF. The Court granted the motion on June 15, 2006.

Artemis now seeks to "enforce" the settlement agreement between Plaintiff and MAAF, arguing that it had the effect of releasing Plaintiff's claims against *all* defendants, not just MAAF.

### B.   Artemis's Main Arguments To "Enforce" the Release

Section 877 provides that a pre-judgment/pre-verdict release of one joint tortfeasor does not discharge any other party from liability (unless the release expressly states otherwise). Artemis's arguments are straightforward. First, it argues that because Section 877 applies only to good faith settlements entered into *before* judgment or verdict and because Plaintiff released MAAF *after* it obtained a judgment for restitution, Section 877 did not apply to the release. Second, Artemis argues that where Section 877 does not govern a release, the common law rule applies, which is that the release of one joint tortfeasor releases all joint tortfeasors. According to Artemis, since Section 877 does not govern the release, the common law rule dictates that Plaintiff's release of MAAF also released Artemis.

### C.   Plaintiff's Arguments Against Releasing Artemis

Plaintiff sets forth several arguments in opposition. First, Plaintiff argues that the Court determined that Section 877 did apply to the release and that to hold otherwise now would be contrary to the law of the case. Second, Plaintiff argues that the judgment against MAAF encompassed that defendant's liability only for restitution and was not a determination of joint tortfeasor liability or an award of tort damages. Thus, the ensuing release under Section 877 was not invalid for having been entered into after a judgment or verdict. Third, Plaintiff argues that even if the Section 877 procedure does not benefit him, contemporary common law does not dictate that his release of one joint tortfeasor (MAAF) acted to release all joint tortfeasors (including Artemis). Finally, Plaintiff claims that Artemis waived its current argument by not raising it earlier, that its argument is barred by the doctrine of laches, and that its motion is time-barred.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

## II. ANALYSIS

### A. The Law of the Case

This Court previously held that the MAAF Settlement qualified as a good faith settlement within the meaning of Section 877(b) and Section 877.6 and entered an order to that effect. In so holding, the Court determined that the settlement came within the purview of Section 877.

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case . . . unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *United States v. Pend Oreille County Pub. Util. Dist. No. 1*, 135 F.3d 602, 608 (9th Cir. 1998) (quoting *Pit River Home and Agric. Coop. v. United States*, 30 F.3d 1088, 1096-97 (9th Cir. 1994)).

None of the exceptions to the law of the case apply here. The Court's decision was not clearly erroneous and adhering to that decision would not work a manifest injustice. To the contrary, adopting Artemis's proposed position *would* result in a manifest injustice.

Artemis conjures up a farfetched argument in an effort to evade this consequence, to the effect that the Court's determination that the settlement was in good faith in accordance with Section 877(b) and 877.6 does *not* mean that the Court determined that Section 877(a) applied to the settlement. Section 877(a) provides that a good faith settlement does not release other joint tortfeasors unless the parties so intend.

Artemis's argument is not persuasive. The issue here is whether the Court previously held that Section 877 applied to the settlement. To construe the Court's June 15, 2006 order in the manner posited by Artemis would render that order nonsensical. The Court did not make a hypothetical finding along the lines of, "The Court is not determining whether Section 877 applies to the settlement between Plaintiff and MAAF, but *if* Section 877 does apply to the settlement, then the settlement would be in good faith." Yet this is essentially how Artemis is characterizing the Court's order. The Court

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

did not need to state that Section 877(a) applied to the settlement. Having found that the settlement was made in good faith per Section 877(b), it was and is implicit that Section 877 as a whole applied to the settlement. If Section 877(a) did not apply to the settlement, then the Court's order would be meaningless, because Section 877(b) would not apply either.

In addition, until the filing of this motion, the parties – including Artemis – have never questioned the fact that Section 877 applied to the settlement. As the Ninth Circuit noted, for example, "In addition, Artemis argues that any award of restitution should be offset by settlements made by Artemis' [sic] co-conspirators under California Code of Civil Procedure Section 877." *Cal. v. Altus Fin. S.A.*, 540 F.3d 992, 1009 (9th Cir. 2008).

Artemis nevertheless contends that the Court would be "rewriting" its earlier order if the Court construed that order so as to apply Section 877(a) to the settlement here, and that it would be "manifest error" for the Court to hold that Section 877 applies to post-judgment settlements. Artemis's "rewriting" argument lacks merit, as shown above. As to the "manifest error" argument, to conclude (as this Court does) that Section 877 applies to the unusual facts of this case (*i.e.*, a default judgment entered as to restitution only for one joint tortfeasor – MAAF – and a subsequent settlement) does not mean that Section 877 necessarily applies to all post-judgment settlements. The real question is what qualifies as a "judgment" for purposes of Section 877. The Court need not provide a definitive analysis of that issue, because it has already held that Section 877 applied to the unusual facts presented here, and the law of the case requires that holding to govern still. [2]

---

[2] It is enough to observe that there is strength to Plaintiff's argument that the MAAF Judgment was not a "judgment" within the meaning of Section 877, because it was not a determination of joint tortfeasor liability. Until there is a determination of joint tortfeasor liability, the policy rationale underlying Section 877 – encouraging settlement – is still in play, and barring contribution claims by joint tortfeasors will not work an injustice because there has been no determination of joint tortfeasor liability. Although no cases explicitly so hold, there is support for the notion that in the context of Section 877 a "judgment" means a judgment of joint tortfeasor liability. *See Halpin v. Super. Ct.*, 14 Cal. App. 3d 530, 543 (1971). Section 877 "should be broadly construed to effect its

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

**B.     The State of the Common Law**

The California legislature enacted Section 877 in 1957. After its enactment, a number of cases cited by Artemis in support of its argument stated that the common law applied except as modified by Section 877. *E.g. Thomas v. General Motors Corp.*, 13 Cal. App. 3d 81, 86 ("Except as modified by section 877, the former law still applies, and a release of one joint tort-feasor [sic] is a release of all."). Despite these various citations, Artemis *does not cite a single case* decided in the more than 50 years since the passage of Section 877 in which a court applied the supposed common law rule to hold that a plaintiff's post-judgment release of one tortfeasor operates as a release of all tortfeasors. Artemis argues that had Plaintiff intended not to release Artemis, it could have (and should have) entered into a covenant not to sue, rather than a release. This implies that Plaintiff intended to release Artemis, which is ridiculous. The five years of post-settlement litigation are indisputable and powerful evidence of Plaintiff's intent. In any event, Plaintiff *did* in fact provide to MAAF not just a release, but *also* a covenant not to sue; thus, Plaintiff's intent could be found to have been to avoid the old common law trap.

Plaintiff cites several cases that support its argument that the modern common law

---

underlying purposes." *Dell'Oca v. Bank of Trust Co., N.A.*, 159 Cal. App. 4th 531, 560 (2008). On the other hand, to construe Section 877 in a rigidly literal manner, as Artemis would have the Court do, would actually negate the statute's underlying policy rationale. In *Price Pfister, Inc. v. William Lyon Co.*, 14 Cal. App. 4th 1643 (1993), the court addressed "whether the contribution and indemnity bars of sections 877 and 877.6 apply where a settlement is reached after the liability phase of trial but before damages have been determined." *Id*. at 1645. The court concluded that where "there is a bifurcated trial against multiple defendants and a finding of liability, extending the benefits and protection of sections 877 and 877.6 to a settling defendant has multiple benefits to the parties and to the legal system in general. . . . To adopt Pfister's position, on the other hand, would force all defendants in multi party tort cases to litigate to the bitter end. Such a rule would thwart the legislative policy of encouraging settlements." At a minimum, *Price Pfister* is solid authority for the fact that Section 877's reference to "before verdict or judgment" need not always be interpreted in a literal fashion.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

rule is that a release of one tortfeasor is not a release of all tortfeasors unless the parties so intend.  In *Westlye v. Look Sports, Inc.*, for example, the Court of Appeal stated that, "in the context of a *post*-event release as to one of several joint tortfeasors, the 'ancient common law rule' was that a release of one tortfeasor released all other parties jointly liable, because of the notion that a release extinguished the cause of action itself.  However, the more modern rule as stated in the Restatement Second of Torts is that a release does not discharge nonparties unless the contracting parties so intend."  17 Cal. App. 4th 1715, 1728 (1993) (internal citations omitted); *Lexington Ins. Co. v. Sentry Select Ins. Co.*, 2009 U.S. Dist. LEXIS 47300, *27 (E.D. Cal. June 5, 2009) (citing *Westlye*); *Mesler v. Bragg Mgmt.*, 39 Cal. 3d 290, 304 (1985) ("The Legislature could not have intended that a settlement with one defendant which partially compensates the plaintiff for injuries sustained would effectively block the road to complete recovery.  Release of the employer after settlement with the employee would accomplish such a road block and frustrate the purposes of the statute."); *River Garden Farms, Inc. v. Super. Ct.,* 26 Cal. App. 3d 986, 999-1000 (1972) ("[T]he common law rule's devastating effect upon the plaintiff would discourage compromise.  An injured party would have little motivation for settling with one defendant at the possible sacrifice of his claim against the other. . . . Only its utter demise and its supersession by statutory controls are consistent with the settlement goal of the contribution law.").

In any event, to find that Plaintiff's actions constitute a release of Artemis would operate to work a substantial injustice.  Adopting Artemis's position would be to exalt a "widely criticized" rule "without any justification in modern practice" over common sense, the parties' intent, and basic notions of fairness.  5 Witkin, Summary of California Law (10th ed. 2005) Torts, § 71, p. 143.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, S.A., et al. | | |

## III. CONCLUSION

Based on the foregoing, the Court DENIES Artemis's motion.

No hearing is necessary.  Fed. R. Civ. Pro. 78; L.R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |