GIBSON, DUNN & CRUTCHER LLP
JAMES P. CLARK, SBN 064780
jclark@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

GIBSON, DUNN & CRUTCHER LLP
ROBERT L. WEIGEL (Pro hac vice)
rweigel@gibsondunn.com
MARSHALL R. KING (Pro hac vice)
mking@gibsondunn.com
200 Park Avenue
New York, New York  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant ARTEMIS S.A.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

|  |  |
|---|---|
| STEVE POIZNER, Insurance Commissioner of the State of California and as Conservator, Liquidator and Rehabilitator of Executive Life Insurance Company,<br><br>                    Plaintiff,<br><br>        v.<br><br>ARTEMIS S.A.,<br><br>                    Defendant. | Case No. CV-99-02829 AHM (CWx)<br><br>**DEFENDANT ARTEMIS S.A.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, TO CERTIFY FOR INTERLOCUTORY REVIEW THE COURT'S ORDER DENYING ARTEMIS S.A.'S MOTION TO ENFORCE RELEASE PROVIDED IN CONNECTION WITH COMMISSIONER GARAMENDI'S POST-JUDGMENT SETTLEMENT WITH MAAF DEFENDANTS**<br><br>[[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]<br><br>Hearing<br>Date:       May 23, 2011<br>Time:       10:00 a.m.<br>Place:       Courtroom 14<br>               The Hon. A. Howard Matz<br>Trial Date:  Not Set |

Gibson, Dunn &
Crutcher LLP

1   TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

2   　　　PLEASE TAKE NOTICE that at 10:00 a.m. on May 23, 2011, or as soon

3   thereafter as the matter can be heard in the above-entitled Court, located at 312 N.

4   Spring Street, Los Angeles, California 90012, Defendant Artemis S.A. ("Artemis")

5   will and hereby does move this Court for reconsideration or, alternatively, an order

6   certifying for interlocutory review this Court's February 4, 2011 Order denying

7   Artemis' Motion to Enforce Release Provided in Connection with Commissioner

8   Garamendi's Post-Judgment Settlement with MAAF Defendants.

9   　　　This Motion for reconsideration is made pursuant to Local Rule 7-18 on the

10  ground that a California Court of Appeal decision issued March 23, 2011 constitutes a

11  "material difference in . . . law from that presented to the Court" before the Court

12  issued its February 4, 2011 Order.  This Motion is also made on the grounds that the

13  requirements for interlocutory review provided in 28 U.S.C. § 1292(b) are met:

14  namely, the dispositive question raised in Artemis' Motion to Enforce Release –

15  whether the post-judgment release given by Commissioner Garamendi to the MAAF

16  Defendants, Artemis' alleged joint tortfeasors, released the claims against Artemis by

17  operation of the common law rule that the release of one joint tortfeasor is a release of

18  all joint tortfeasors – "involves a controlling question of law as to which there is

19  substantial ground for difference of opinion and that an immediate appeal from the

20  order may materially advance the ultimate termination of the litigation."  28 U.S.C.

21  § 1292(b).

22  　　　This Motion is made following the conference of counsel required by Local

23  Rule 7-3, which took place by telephone on March 24, 2011.

24  ///

25  ///

26  ///

27  ///

28  ///

Gibson, Dunn &
Crutcher LLP

1

1     This Motion is based upon this Notice of Motion and Motion, the attached

2     Memorandum of Points and Authorities, the pleadings, prior briefing, exhibits,

3     documents, and other records and files in this action, and upon such other evidence or

4     arguments as may be presented at the hearing in this matter.

5     DATED:  April 4, 2011              GIBSON, DUNN & CRUTCHER LLP
                                         JAMES P. CLARK
6                                        ROBERT L. WEIGEL
                                         MARSHALL R. KING
7                                        CHRISTOPHER CHORBA

8

9                                    By: _____
                                             ROBERT L. WEIGEL
10

11                                   Attorneys for Defendant ARTEMIS S.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................. 1

II.     ARGUMENT............................................................................................ 4

        A.      Reconsideration Is Warranted In Light Of The New California
                Court Of Appeal Decision.......................................................... 4

        B.      Certification For Interlocutory Review Is Proper ..................... 8

                1.      Whether Artemis Has Been Released From The Claims At
                        Issue "Involves A Controlling Question Of Law.".......... 8

                2.      There Is Substantial Ground For Difference Of Opinion As
                        To Whether The Release Of The MAAF Joint Tortfeasors
                        Released The Present Claims Asserted Against Artemis. ............. 9

                3.      Immediate Appellate Review May Result In Termination Of
                        This Lengthy Litigation And Avoid Another Costly And
                        Burdensome Trial........................................................ 12

III.    CONCLUSION ................................................................................. 14

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Apodaca v. Hamilton,*
189 Cal. App. 2d 78, 10 Cal. Rptr. 885 (1961) ..........................................11, 12

*Arthur Young & Co. v. U.S. Dist. Ct.,*
549 F.2d 686 (9th Cir. 1977)......................................................................13

*Bee v. Cooper,*
217 Cal. 96, 17 P.2d 740 (1932) ................................................................10

*Ernest Paper Prods. v. Mobil Chem. Co.,*
No. 95-7918, 1997 U.S. Dist. LEXIS 21781 (C.D. Cal. Dec. 2, 1997)..............4

*Gonzales v. Arizona,*
624 F.3d 1162 (9th Cir. 2010)......................................................................7

*Hubbard v. Costco Wholesale Corp.,*
No. 02-6597, 2004 U.S. Dist. LEXIS 29140 (C.D. Cal. Oct. 5, 2004)...............9

*In re Cement Antitrust Litig.,*
673 F.2d 1020 (9th Cir. 1982)...................................................................8, 9

*Kuehner v. Dickinson & Co.,*
84 F.3d 316 (9th Cir. 1996).......................................................................13

*Lamoreux v. San Diego & Arizona Eastern Ry. Co.,*
48 Cal. 2d 617, 311 P.2d 1 (1957) .............................................................10

*Leung v. Verdugo Hills Hosp.,*
No. B204908,
2011 Cal. App. LEXIS 335 (Cal. Ct. App. Mar. 23, 2011) ........................*passim*

*Martinez v. Gomez,*
137 F.3d 1124 (9th Cir. 1998)......................................................................7

*Mesler v. Bragg Mgmt. Co.,*
39 Cal. 3d 290, 702 P.2d 601 (1985) .................................................2, 10, 11

*Milgard Tempering, Inc. v. Selas Corp. of Am.,*
902 F.2d 703 (9th Cir. 1990)........................................................................7

*Reynolds Metals Co. v. Wand,*
308 F.2d 504 (9th Cir. 1962).......................................................................9

*River Garden Farms v. Super. Ct.,*
26 Cal. App. 3d 986, 103 Cal. Rptr. 498 (1972)...........................................11

*Ryman v. Sears, Roebuck & Co.,*
505 F.3d 993 (9th Cir. 2007)........................................................................6

Gibson, Dunn &
Crutcher LLP

1

## TABLE OF AUTHORITIES  *[continued]*

2

Page(s)

3
4

*SEC v. Credit Bancorp, Ltd.,*
103 F. Supp. 2d 223 (S.D.N.Y. 2000) ................................................ 12

5
6

*Semeneck v. Ahlin,*
No. 09-00566 SMS (PC),
2010 U.S. Dist. LEXIS 68621 (E.D. Cal. June 17, 2010) .................................. 9

7

*Thomas v. Gen. Motors Corp.,*
13 Cal. App. 3d 81, 91 Cal. Rptr. 301 (1970) .................................... 11

8
9

*Twentieth Century Fox Film Corp. v. Winchester Drive-in Theatre, Inc.,*
351 F.2d 925 (9th Cir. 1965) ................................................ 8

10

*Union Pac. R.R. Co. v. Coast Packing Co.,*
236 F. Supp. 2d 1130 (C.D. Cal. 2002) ..................................... 4

11
12

*United States v. Woodbury,*
263 F.2d 784 (9th Cir. 1959) ................................................ 8, 9, 13

13

*Watson v. McEwen,*
225 Cal. App. 2d 771, 37 Cal. Rptr. 677 (1964) ........................... 11

14
15

*West v. Am. Tel. & Tel. Co.,*
311 U.S. 223, 61 S. Ct. 179, 85 L. Ed. 139 (1940) ........................... 7

16

### Statutes

17

28 U.S.C. § 1292(b) .................................................... *passim*

18

Cal. Civ. Proc. Code § 877 ............................................ *passim*

19

Cal. Civ. Proc. Code § 877.6 ......................................... 2, 6

20

### Rules

21

C.D. Cal. L.R. 7-18 ................................................... 4, 5

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

# I.   **INTRODUCTION**

2       Artemis respectfully moves this Court to reconsider or, alternatively, to certify

3   for interlocutory review its February 4, 2011 Order denying Artemis' Motion to

4   Enforce Release in Connection with Commissioner Garamendi's Settlement with the

5   MAAF Defendants.  Less than two weeks ago, the California Court of Appeal issued a

6   new decision, *Leung v. Verdugo Hills Hospital*, 2011 Cal. App. LEXIS 335 (Cal. Ct.

7   App. March 23, 2011).[1]  In a unanimous decision, the Court of Appeal conducted an

8   exhaustive review of the state of the law in California and squarely but reluctantly held

9   that binding precedent required it to apply the common law rule that a release of one

10   joint tortfeasor is a release of all.  The application of the common law release rule in

11   *Leung* produced a harsh result – a brain damaged child's claim against a hospital was

12   released despite the fact that the post-verdict release of the hospital's joint tortfeasor,

13   the child's pediatrician, specifically stated that it was not intended to release the

14   hospital – but stare decisis compelled the Court of Appeal to hold that "*Section 877*

15   abrogated [the common law] rule *only* as to releases given in 'good faith' and 'before

16   verdict or judgment.'"  *Leung*, 2011 Cal. App. LEXIS 335, at *24 (emphases in

17   original).

18       In view of the fact that this Court did not have the benefit of *Leung*'s extensive

19   analysis of California law before reaching its February 4, 2011 decision, Artemis

20   respectfully seeks reconsideration of the Court's Order.  Alternatively, Artemis seeks

21   interlocutory review of the Court's Order because its Motion to Enforce Release

22   "involves a controlling question of law as to which there is substantial ground for

23   difference of opinion and that an immediate appeal from the order may materially

24   advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

25

26   _____

27   [1]   The Court of Appeal's decision has been certified for partial publication.   The
published part of the opinion includes the court's discussion of the common law rule
28   that the release of one joint tortfeasor serves as a release of all joint tortfeasors.

Gibson, Dunn &
Crutcher LLP

1

On March 23, 2011, the Court of Appeal handed down its unanimous decision in *Leung v. Verdugo Hills Hospital*. *Leung* is controlling here.  In *Leung*, plaintiff, suing through his guardian ad litem, brought medical malpractice claims against both his pediatrician and the hospital in which he was born for brain damage suffered as a result of negligence at the time of his birth.  Plaintiff entered into a Settlement Agreement and Release with his pediatrician for $1 million.  The Settlement Agreement and Release *expressly* provided that the release of the pediatrician did not apply to the hospital.  *Leung*, 2011 Cal. App. LEXIS 335, at *10.  The trial court found that the settlement did not meet the requirements of Sections 877 and 877.6 of the California Code of Civil Procedure, but – after a verdict was entered against the hospital, which also fixed the pediatrician's percentage of fault – the parties nevertheless went forward with the settlement and executed the release of the pediatrician.  *Id.* at *2, 10-11.  In its decision on the hospital's appeal, the California Court of Appeal first noted that "[b]efore the 1957 enactment of section 877, the California Supreme Court followed the common law rule that a release of one 'joint tortfeasor' for consideration constitutes a release of all, thus barring the plaintiff from pursuing the action against the remaining joint tortfeasors." *Id.* at *18.  The court then conducted a thorough analysis of California law before and after the enactment of Section 877 and concluded that "although the California Supreme Court has criticized the common law release rule as applied to concurrent tortfeasors, the court has not abandoned it.  Stare decisis compels us to follow it." *Id.* at *5, 14-39.  The court reversed the portion of the judgment imposing joint and several liability on the hospital for plaintiff's economic damages. *Id.* at *5.

The Court of Appeal ruled:

> Because the California Supreme Court never repudiated the release rule with respect to concurrent tortfeasors, such as [the pediatrician] and the Hospital who act independently to cause a single injury, and because *Mesler* [v. *Braggs Management*, 39 Cal. 3d 290, 702 P.2d 601 (1985)] necessarily assumed the continued viability of the release rule as applied to the issue presented in that case, we are unable to hold, as [plaintiff] requests us to do, that the rule is no longer part of California common law.

Gibson, Dunn & Crutcher LLP

*Id.* at *34-36.  The court expressed its disagreement with the result it was forced to reach and urged the California Supreme Court to take action.  *Id.* at *34-36. Nevertheless, the Court of Appeal applied the common law rule and held that by releasing his pediatrician outside the scope of Section 877 by way of a settlement given neither before verdict or judgment nor in good faith, plaintiff released the pediatrician's joint tortfeasor, the hospital, from any and all joint and several claims.

In ruling on Artemis' Motion to Enforce Release, this Court noted a 50-year absence of case law directly addressing the effect on joint tortfeasors of a release given post verdict or judgment.  While not surprising – given that there are other ways to settle lawsuits that do not implicate the common law rule – the absence of recent case law made the issue before this Court more difficult than it would have been had *Leung* been decided just a few months earlier.  With the California Court of Appeal's decision in *Leung*, there is now a recent case that sets forth the current state of California law. It is now clear that the common law rule that a release of one joint tortfeasor is a release of all is still the law in California.  Under *Leung*, Commissioner Garamendi's post-verdict, post-judgment release of the MAAF Defendants served to release the claims against Artemis, regardless of whether the Commissioner intended that result. Artemis respectfully requests that this Court reconsider its prior decision and grant Artemis' Motion to Enforce Release.

Should this Court decline to reconsider its decision on Artemis' motion, the *Leung* decision still serves as clear evidence that the Court's decision is ripe for interlocutory appeal, as the Motion to Enforce Release (1) turns on a single, dispositive legal issue, whether the post-judgment release given by Commissioner Garamendi to Artemis' joint tortfeasors, the MAAF Defendants, released the claims against Artemis by operation of the common law rule that the release of one joint tortfeasor is a release of all joint tortfeasors, (2) which is subject to some debate, (3) the immediate resolution of which would materially advance the termination of this litigation.  The legal nature of the issue before the Court on Artemis' motion, and its impact on the

1 ultimate resolution of this suit are obvious.  And *Leung* establishes that there is a

2 substantial basis for believing that the Ninth Circuit would follow the California Court

3 of Appeal and apply the long-standing common law release rule.  If the California

4 Court of Appeal is right, and the post-judgment release of the MAAF Defendants

5 operated to release all joint claims against Artemis, a trial would be an enormous waste

6 of the Court's resources.  In short, certification is appropriate here as the effect of

7 Commissioner Garamendi's release presents a pure question of law subject to

8 substantial ground for difference of opinion, an immediate determination of which will

9 materially advance the ultimate resolution of this action.

10      For these reasons, and the reasons set forth below, Artemis respectfully requests

11 that this Court grant Artemis' motion and reconsider or, alternatively, certify for

12 interlocutory review the Court's February 4, 2011 Order.

## II.      ARGUMENT

### A.      Reconsideration Is Warranted In Light Of The New California Court Of Appeal Decision

Under this Court's Local Rules, a party may move for reconsideration "of the decision on any motion" on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.  The moving party only needs to demonstrate one of these three conditions.  *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002); *see also Ernest Paper Prods. v. Mobil Chem. Co.*, No. 95-7918, 1997 U.S. Dist. LEXIS 21781, at *5-6 (C.D. Cal. Dec. 2, 1997) (granting motion for reconsideration based on "a material difference in fact or law from that presented to the Court.").

Gibson, Dunn &
Crutcher LLP

4

The California Court of Appeal's new decision in *Leung v. Verdugo Hills Hospital* is clearly a "material difference in . . . law from that presented to the Court" before the Court issued its February 4, 2011 decision "that in the exercise of reasonable diligence could not have been known to [Artemis] at the time of such decision." C.D. Cal. L.R. 7-18(a). As this Court observed in its Order, Artemis did not cite in its motion to enforce the release a case decided since Section 877 was enacted that applied the common law release rule to hold that a post-judgment release of one joint tortfeasor released another joint tortfeasor. Feb. 4, 2011 Order at 5. Artemis did not cite any such cases because, although a number of courts had referenced the continued existence of the common law rule, at the time Artemis briefed its motion, and at the time the Court issued its ruling, there were no post-Section 877 cases applying the rule. *Leung*, however, is just such a case.

In *Leung*, the California Court of Appeal applied the common law rule that a release of one joint tortfeasor is a release of all joint tortfeasors. The Court observed:

> In 1957 . . . the Legislature enacted section 877. As of that date, the state of the common law, never repudiated by the California Supreme Court, was that a release for consideration of one concurrent tortfeasor who acted with other tortfeasors to cause a single harm barred suit against the others. *Section 877* abrogated that rule *only* as to releases given in "good faith" and "before verdict or judgment."

*Leung*, 2011 Cal. App. LEXIS 335, at *24 (emphases in original). The court then undertook a comprehensive and thoughtful analysis of the state of the law before and after the enactment of Section 877 and concluded that "the California Supreme Court, to date, has not authoritatively abandoned the release rule." *Id.* at *24-25. Although the Court of Appeal expressed its concern, similar to the concerns raised by this Court, that the common law rule can produce "unintended and inequitable results," it nevertheless applied the rule in accordance with California law, stating:

> Our role as an intermediate appellate court in a case such as this is not to disregard controlling Supreme Court precedent, or to purport to find in sections 877 and 877.6 an implicit abrogation of that precedent with respect to non-good faith settlements in violation of statutory language. Rather, our role is to "defer to [the California Supreme Court] for any reconsideration of the doctrine."

1   *Id.* at \*35 (citation omitted, alternation in original).

2   The Court of Appeal reached its conclusion that the common law release rule

3   applied to Leung's settlement with his pediatrician despite the fact that the settlement

4   agreement expressly excluded the hospital from the scope of its release.  *Id.* at \*10.

5   Although the Commissioner did not include any such carve out of Artemis in his

6   settlement with the MAAF Defendants, the Court nonetheless considered the presumed

7   intent of the Commissioner in settling with the MAAF Defendants in reaching its

8   decision that the release did not also serve to release Artemis.  Feb. 4, 2011 Order at 5.

9   But, as the decision in *Leung* makes clear, the Commissioner's intent is irrelevant.  In

10  releasing the MAAF Defendants outside the protections of Section 877, Commissioner

11  Garamendi, intentionally or not, released his claims against Artemis.[2]

12  *Leung*, as the most definitive holding in this area in the last 50 years, is

13  controlling.  As the Ninth Circuit has explained, "when (1) a federal court is required

14  to apply state law, and (2) there is no relevant precedent from the state's highest court,

15  but (3) there *is* relevant precedent from the state's intermediate appellate court, the

16  federal court must follow the state intermediate appellate court decision unless the

17  federal court finds convincing evidence that the state's supreme court likely would not

18  follow it."  *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).  A

19  federal court applying state law should follow such state appellate court decisions

20  "even though it thinks the rule [they announce] is unsound in principle or that another

21  is preferable."  *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37, 61 S. Ct. 179,

22  85 L. Ed. 139 (1940); *see also Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir.

25  [2]   The *Leung* court also faced a situation similar to that recognized by this Court in its

26  observation that, in addition to the release itself, the Settlement Agreement and Release with the MAAF Defendants included language relating to a covenant not to sue.  Feb.

27  24, 2011 Order at 5.  But, as the Court of Appeal explained, references to a covenant not to sue are not sufficient "to transmute the 'Settlement Agreement and Release' into

28  a covenant not to execute or sue" as a means of avoiding the application of the common law release rule.  *Leung*, 2011 Cal. App. 335, at \*36 n.23.

Gibson, Dunn & Crutcher LLP

1998) (deferring reluctantly to a California Court of Appeal decision, stating "our role is to determine what the California law is, not what it should be").

As explained by the court in *Leung*, "*Section 877* abrogated [the common law] rule *only* as to releases given in 'good faith' and 'before verdict or judgment.'" 2011 Cal. App. LEXIS 335, at *24 (emphases in original). Here, the release of the MAAF Defendants was executed *after* the jury returned its verdicts in both phases of the trial, *after* judgment was entered against the MAAF Defendants, and *after* judgment was entered against Artemis. Accordingly, under *Leung*, the common law rule applies and all claims for which Artemis and the MAAF Defendants are jointly liable have been released. As the only claims that remain to be tried are claims based on the conspiracy between Artemis and the MAAF Defendants – quintessentially joint claims – there is no reason for a trial. Accordingly, Artemis respectfully requests that this Court reconsider its February 4, 2011 Order in light of *Leung* and grant Artemis' Motion to Enforce Release.[3]

---

[3]  In light of the California Court of Appeal's decision in *Leung*, it is no longer appropriate to rely on law of the case principles. "Law of the case should not operate as a constraint on judicial review where . . . intervening controlling authority makes reconsideration appropriate." *Gonzales v. Arizona*, 624 F.3d 1162, 1185-87 (9th Cir. 2010) (internal quotation marks and citations omitted). *Leung* clearly provides "intervening controlling authority" on the issue of whether the release of the MAAF Defendants served also to release Artemis. Moreover, "[t]he law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). The doctrine "is not dispositive, particularly when a court is reconsidering its own judgment, for the law of the case 'directs a court's discretion, it does not limit the tribunal's power.'" *Gonzales*, 624 F.3d at 1186 (citations omitted). Artemis does not take exception to the Court utilizing the discretionary doctrine of law of the case to promote judicial efficiency where appropriate. In light of the California Court of Appeal's decision in *Leung* making clear that the Commissioner's post-judgment settlement and release of the MAAF Defendants served to release the claims against Artemis, however, relying on law of the case here to avoid the impact of the release would be immensely inefficient. If Artemis is right, and the settlement and release of the MAAF Defendants – which all parties agree was entered into after judgment was entered against the MAAF Defendants, after judgment was entered against Artemis, and after the jury verdicts on the Commissioner's conspiracy claims involving both Artemis and the MAAF Defendants were returned – served to release all of the MAAF Defendants' joint tortfeasors including Artemis, then there are no claims left to be tried and this long, complicated case can finally be brought to an end.

Gibson, Dunn & Crutcher LLP

**B.      Certification For Interlocutory Review Is Proper**

Certification for interlocutory review is appropriate where an order "[1] involves a controlling question of law [2] as to which there is substantial grounds for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Section 1292(b) allows for immediate appeal when a district court makes a ruling on a significant and debatable issue of law and where, absent appeal, the court and the parties will spend significant time and resources trying the matter, all of which may prove wasted and unnecessary because of the very real prospect that the appellate court will take a different view on the dispositive legal issue.  *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit.").  All three requirements of section 1292(b) are satisfied here.

**1.      Whether Artemis Has Been Released From The Claims At Issue "Involves A Controlling Question Of Law."**

Under Ninth Circuit precedent, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Where the question at issue concerns the effect of a general release – and whether the action can proceed against the defendant at all – the issue is regarded as a "controlling question of law" under section 1292(b).  *Twentieth Century Fox Film Corp. v. Winchester Drive-in Theatre, Inc.* 351 F.2d 925, 926 (9th Cir. 1965) (granting interlocutory review under section 1292(b) to determine whether "a general release of one joint tort feasor release[s] all joint tort feasors" in an antitrust case), *disapproved of on other grounds by Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 345–46 (1971); *see also Reynolds Metals Co. v. Wand*, 308 F.2d 504, 506 (9th Cir. 1962) (granting interlocutory review of district court's determination that

1   release did not bar plaintiffs' claim); *Hubbard v. Costco Wholesale Corp.*, No. 02-

2   6597, 2004 U.S. Dist. LEXIS 29140, at *4 (C.D. Cal. Oct. 5, 2004) (holding that scope

3   of release is a controlling question of law satisfying "the first element for the test of

4   certification of appealability under § 1292(b)").

5        Because a decision that the post-judgment release of the MAAF Defendants

6   served to release the claims being asserted against Artemis would obviate the need for

7   a lengthy and expensive retrial, the question undeniably meets the first prerequisite for

8   interlocutory review.[4]  In short, the question at hand is "an abstract legal issue or what

9   might be called one of 'pure' law, [a] matter the court of appeals 'can decide quickly

10   and cleanly without having to study the record,'" – one ideally suited for interlocutory

11   review pursuant to section 1292(b).  *Semeneck v. Ahlin*, No. 09-00566 SMS (PC), 2010

12   U.S. Dist. LEXIS 68621, at *7 (E.D. Cal. June 17, 2010).

13   **2.  There Is Substantial Ground For Difference Of Opinion As To Whether The Release Of The MAAF Joint Tortfeasors Released The**

14   **Present Claims Asserted Against Artemis.**

15        This Court's determination that the post-judgment release of the MAAF

16   Defendants, Artemis' joint tortfeasors, was not effective to release Artemis raises a

17   question as to which there is a substantial ground for a difference of opinion.  28

18

---

19   [4]  The Commissioner may argue that even if his legal claims are barred by

20   Commissioner Garamendi's release of the MAAF Defendants, he would continue to have a right to press his equitable claims.  However, the Commissioner's equitable

21   claims against Artemis are based on the same conduct, and so-called conspiracy, as his legal claims, such that the equitable claims could not survive dismissal of the legal

22   claims.  But the argument is of no moment on this motion.  The Ninth Circuit recognized, not long after Section 1292(b) was enacted, that a "controlling question of

23   law" includes questions that would significantly affect the scope and conduct of an action, even if an appellate decision contrary to the district court finding would not

24   terminate the case entirely.  *See Woodbury*, 263 F.2d at 787.  "[W]e do not hold that a question brought here on interlocutory appeal must be dispositive of the lawsuit in

25   order to be regarded as controlling."  *Id.* (citing the legislative history of section 1292(b)); *see also In re Cement Antitrust Litig.*, 673 F.2d at 1026 ("Courts have

26   refused to interpret the phrase ['controlling question of law'] so narrowly as to require that reversal of the district court's order terminate the litigation."); *id.* at 1027 n.5

27   (even issues collateral to the merits can be subject to interlocutory review under Section 1292(b)).  Even the release of just the legal claims would eliminate the need

28   for a lengthy jury trial.  Such a finding would bring this action much closer to final resolution.

1  U.S.C. § 1292(b).  The recent decision of the California Court of Appeal in *Leung* is

2  extremely thorough and well reasoned.  The lengthy decision contains a painstaking

3  analysis of the history of Section 877 and the relevant California Supreme Court and

4  Courts of Appeal cases and concludes that the common law rule has never been

5  overturned in California and must be applied.  The three-judge panel unanimously

6  concluded "[T]he California Supreme Court, to date, has not authoritatively abandoned

7  the release rule.  To the contrary, as late as 1985, in *Mesler*, the court implicitly

8  acknowledged that the rule remains part of California common law."  *Leung*, 2011 Cal.

9  App. LEXIS 335, at \*24-25.  The Court held that "*Section 877* abrogated the common

10  law rule *only* as to releases given in 'good faith' and 'before verdict or judgment.'"  *Id*.

11  at \*24 (emphases in original).

12      In reaching its conclusion that the common law rule is still the law in California,

13  the panel cited and analyzed numerous California Supreme Court cases including *Bee*

14  *v. Cooper*, 217 Cal. 96, 99-100, 17 P.2d 740 (1932), *Lamoreux v. San Diego &*

15  *Arizona Eastern Railway Co.*, 48 Cal. 2d 617, 624, 311 P.2d 1 (1957), and *Mesler v.*

16  *Bragg Management Co.*, 39 Cal. 3d 290, 298, 702 P.2d 601 (1985).[5]  The Court also

17  noted that:

18      Since enactment of section 877, at least three decisions by Courts of
        Appeal have recognized that the common law applies when section 877
19      does not.  (*Thomas v. General Motors Corp.* (1970) 13 Cal. App. 3d 81,
        86 [91 Cal. Rptr. 301] [acknowledging that "[e]xcept as modified by
20      section 877, the former law still applies, and a release of one joint tort
        feasor is a release of all," but applying common law rule that a covenant
21      not to sue does not release joint tortfeasors to a case involving multiple
        defendants who executed covenant after judgment was entered and an
22      appeal filed]; *Watson v. McEwen* (1964) 225 Cal. App. 2d 771, 775 [37
        Cal. Rptr. 677] [satisfaction of judgment against negligent lessee barred
23      action against landowner; § 877 held not applicable because it applies to a

24

25  [5]  This Court and the Commissioner looked to *Mesler*, which considered the effect of
    the release of an alleged alter ego, in support of the view that the common law no
26  longer applies.  Feb. 4, 2011 Order at 6.  As the *Leung* court noted, however, in
    reaching its decision on the alter ego issue the *Mesler* court noted that "*the alter ego*
27  *corporation would be dismissed under the common law release rule*, unless section
    877 applies."  *Leung*, 2011 Cal. App. LEXIS, at \*27 (citing *Mesler*, 39 Cal. 3d at 301),
28  702 P.2d at 607 (emphasis in original).

Gibson, Dunn & Crutcher LLP

1  release before judgment, and therefore release rule applied, because "[e]xcept as modified by that section, the rule is that a release of one joint tort-feasor is a release of all"]; *Apodaca v. Hamilton* (1961) 189 Cal. App. 2d 78, 82 [10 Cal. Rptr. 885] [pre-section 877 release of negligent driver of dump truck also released rock company that negligently overloaded the truck: "Whatever fault may be found with it, we do not question that, except as it may have been modified by section 877 . . . , 'The rule in this state, applied in many cases, is that a release of one joint tort feasor is a release of all.'"].).

*Leung*, 2011 Cal. App. LEXIS 335, at *28-30 (brackets in original).

The Court of Appeal also considered the case of *River Garden Farms v. Superior Court*, 26 Cal. App. 3d 986, 103 Cal. Rptr. 498 (1972) – relied upon by this Court in its decision denying Artemis' motion (Feb. 24, 2011 Order at 6) – and found it "unpersuasive." *Leung*, 2011 Cal. App. LEXIS 335, at *32. The Court of Appeal found "several problems in [the *River Garden Farms* court's] analysis":

First, it ignores the express language of *section 877*, which by its terms applies to a release only when "given in good faith before verdict or judgment." Given this language, it is difficult to see how *section 877* can be read to "implicitly . . . dispatch[]" the release rule for non-good-faith settlements occurring after verdict or judgment. Second, it does not accord proper respect for stare decisis, and fails to consider that, although the California Supreme Court certainly appeared to be moving toward abandoning the release rule entirely, it did not do so. Third, as we have noted, in *Mesler* (decided after *River Garden Farms*), the California Supreme Court necessarily acknowledged that the release rule remained part of California common law.

*Id*. at *31-32 (citations omitted) (emphasis and alterations in original).

Both this Court and the Court of Appeals in *Leung* considered many of the same cases. And, regardless of whether one agrees with the conclusion of the unanimous panel in *Leung*, it is impossible to fault the scholarship that went into the decision or the thoroughness of the court's analysis. In denying Artemis' motion, this Court noted an absence of case law actually applying – as opposed to reciting – the common law release rule since the enactment of Section 877. As illustrated by *Leung*, the reason for this is not because courts were unwilling to apply the common law rule to releases given post-judgment, but rather that attorneys for plaintiffs understood the rule and did not grant releases after verdict or judgment in cases where there were joint tortfeasors.

Gibson, Dunn & Crutcher LLP

11

1   Thus, the Commissioner was equally unable to point to any case that held that a release

2   granted post-judgment did not release joint tortfeasors.

3       *Leung* is the case that the Court said was missing, where plaintiff's counsel

4   ignored the common law release rule.  And it is squarely on point.  A release was given

5   outside the protections of Section 877 – post-verdict and not in good faith – and the

6   Court of Appeal concluded that the common law rule had to be applied.  Had *Leung*

7   been decided two months earlier, its holding that "[t]he rule in this state, applied in

8   many cases, is that a release of one joint tort feasor is a release of all" would have

9   been, as discussed *supra*, binding on this Court.  *Id.* at *29-30 (citing *Apodaca v.*

10  *Hamilton*, 189 Cal. App. 2d 78, 82, 10 Cal. Rptr. 885, 888 (1961)).

11      Should this Court decline to reconsider its prior decision in light of the *Leung*

12  decision, the tension between this Court's order denying Artemis' Motion to Enforce

13  Release and the holding in *Leung* and the numerous cases cited therein establishes a

14  substantial ground for a difference of opinion as to whether the release of the MAAF

15  Defendants – which was indisputably entered into after the jury verdicts and after

16  judgments were entered against both Artemis and the MAAF Defendants – released

17  Artemis.  Certification for interlocutory review is appropriate in just such a

18  circumstance.

19      **3.    Immediate Appellate Review May Result In Termination Of This
        Lengthy Litigation And Avoid Another Costly And Burdensome Trial.**

20

21      For many of the same reasons the question at issue is a controlling question of

22  law, immediate appeal "may materially advance the ultimate termination of this

    litigation."  28 U.S.C. § 1292(b); *see also SEC v. Credit Bancorp, Ltd.*, 103 F. Supp.

23  2d 223, 227 (S.D.N.Y. 2000) ("Although technically the question of whether there is a

24  controlling issue of law is distinct from the question of whether certification would

25  materially advance the ultimate termination of the litigation, in practice the two

26  questions are closely connected.").  "Section 1292(b) was intended primarily as a

27  means of expediting litigation by permitting appellate consideration during the early

28

Gibson, Dunn &
Crutcher LLP

12

stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *Woodbury*, 263 F.2d at 787.[6]  Section 1292(b) provides "a means by which, in appropriate circumstances and to further economy of litigation, full appellate review of important questions can be had prior to final judgment." *Arthur Young & Co. v. United States Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977); *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (purpose of 1292(b) is to prevent "needless expense and delay").  Certification here would further judicial economy because if the release of the MAAF Defendants is effective to release the claims against Artemis, then there is no need to burden the Court or a jury with a lengthy and complicated retrial on the NOLHGA Premise, because the claims against Artemis should be dismissed with prejudice.[7]  The potential dismissal of the Commissioner's

---

[6]  As noted previously, Artemis recognizes that the Court based its February 4, 2011 Order, in part, on law of the case principles, but while law of the case is clearly an important tool for this Court in managing its docket, its application will not be binding on an appellate court and should not preclude the Court from granting Artemis' motion for certification for interlocutory review.  Indeed, it would be far more efficient for this Court to certify its Order for interlocutory appeal now before the parties and the Court have spent enormous amounts of time and extensive resources on a lengthy trial, the contours of which are far from clear in light of the Ninth Circuit's mandate, as the Court itself has observed.  If the Court declines to certify its Order for interlocutory review, the inevitable outcome is that this question will be briefed to the Ninth Circuit in connection with the appeals that will undoubtedly follow any retrial.  The benefits of knowing now whether the claims against Artemis have been released surely outweigh any modest delay that may result from an interlocutory appeal, especially as a trial date has not yet been set.  The cost to the parties of an appeal is inevitable.  In light of Commissioner Garamendi's post-judgment release of the MAAF Defendants, and, by operation of law, Artemis, by taking an interlocutory appeal now, the costs of a trial can be avoided.

[7]  The value of certification here is not limited to the instant case.  Few issues are as important as the finality of settlement and the scope of release.  Courts have long recognized that without settlement the judicial system would be bogged down by the weight of innumerable legal disputes.  Section 877 was enacted, in part, to enhance the prospect of settlement before courts were burdened with the time and expense of trials and extended litigation.  This policy choice is the reason why Section 877, by its very terms, provides an incentive – the ability to release one (or more) but not all alleged joint tortfeasors while allowing the case to continue against the remaining alleged joint tortfeasors, in contrast to the long-standing rule that the release of one joint tortfeasor is a release of all joint tortfeasors – to settle cases before judgment.

1  claims against Artemis thus may "materially advance the ultimate termination of this

2  litigation" – by resulting in its final resolution after many years of litigation.

3  **III.   CONCLUSION**

4  For all of the foregoing reasons, Artemis respectfully requests that the Court

5  grant Artemis' Motion and reconsider its earlier Order and grant Artemis' Motion to

6  Enforce Release or, alternatively, certify its decision on Artemis' Motion to Enforce

7  Release for interlocutory appeal, and amend the Court's Order denying Artemis'

8  Motion to Enforce Release to include the following language:

9     This Court is of the opinion that the dispositive question raised in this

10    motion – whether the settlement and release of the MAAF Defendants

11    post-judgment serves to release all of the MAAF Defendants' joint

12    tortfeasors, including Artemis – "involves a controlling question of law as

13    to which there is substantial ground for difference of opinion and that an

14    immediate appeal from the order may materially advance the ultimate

15    termination of the litigation."  28 U.S.C. § 1292(b).

16

17  Dated:  April 4, 2011                    GIBSON, DUNN & CRUTCHER LLP
                                             JAMES P. CLARK
18                                           ROBERT L. WEIGEL
                                             MARSHALL R. KING
19                                           CHRISTOPHER CHORBA

20

21                                           By: _____

22                                               ROBERT L. WEIGEL

23                                           Attorneys for ARTEMIS S.A.

24  101047694_10.DOC

25

26

27

28

Gibson, Dunn &
Crutcher LLP

14

**CERTIFICATE OF SERVICE**

I, Abbey J. Hudson, declare as follows:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and am not a party to this action; my business address is 333 S. Grand Ave., Los Angeles, California, 90071, in said County and State.

I hereby certify that on **April 4, 2011**, the following documents were electronically transmitted to the Clerk of the Court using the CM/ECF System:

**DEFENDANT ARTEMIS S.A.'s NOTICE OF MOTION AND MOTION; and**

**[PROPOSED] ORDER GRANTING MOTION**

I further certify that copies of the foregoing documents were sent on **April 4, 2011**, **via ELECTRONIC MAIL** to the following parties:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 4, 2011**.

_____

Abbey J. Hudson

Gibson, Dunn &
Crutcher LLP

15

1
2

### SERVICE LIST

3

| Counsel | Party | Fax/Tel. Numbers |
|---------|-------|------------------|
| Arthur J. Shartsis<br>Charles R. Rice<br>Gary Fontana<br>Tracy L. Salisbury<br>Shartsis Friese LLP<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA  94111<br>AShartsis@sflaw.com<br>GFontana@sflaw.com<br>CRice@sflaw.com<br>TSalisbury@sflaw.com | Plaintiff Insurance Commissioner of the State of California | Fax: (415) 421-6500<br>Tel.: (415) 421-2922 |
| Adam M. Cole<br>Harry J. LeVine<br>California Department of Insurance<br>45 Fremont Street<br>San Francisco, CA  94105<br>colea@insurance.ca.gov<br>levineh@insurance.ca.gov | Plaintiff Insurance Commissioner of the State of California | Fax: (415) 904-5490<br>Tel.: (415) 538-4375<br>       (415) 538-4109 |
| Franklin D. O'Loughlin<br>Cindy Coles Oliver<br>Rothgerber Johnson & Lyons LLP<br>1200 17th Street, Suite 3000<br>Denver, CO  80202<br>FOloughlin@rothgerber.com<br>COliver@rothgerber.com | Intervenors National Organization of Life and Health Insurance Guaranty Associations and California Life and Health Insurance Guarantee Association | Fax: (303) 623-9222<br>Tel.: (303) 623-9000 |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP